UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN ONYANGO,

                         Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL R. LUNETTA, DETECTIVE PHILIP LONGO, JOHN DOE ## 1-3

                         Defendants.

------------------------------------------------------------------------ X

**COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a series of events commencing approximately February 15, 2023 and terminating on or about March 1, 2023 in which employees of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

4. Plaintiff Brian Onyango is a resident of Kings County in the State of New York.

5. The City of New York (or "the City") is a municipal corporation organized under the

laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

6. Police Officer Michael R. Lunetta ("Officer Lunetta") and Detective Philip Longo ("Detective Longo") were at all times here relevant, police officers or detectives of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants were personally involved in the illegal arrests of Plaintiff and are sued in their individual capacity.

7. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

8. In the early morning hours of February 15, 2023, Plaintiff returned home to his apartment building to see police officers in the lobby of his building. Although it made him nervous, he continued in to the building and walked up the stairs towards his apartment on the fourth floor.

9. As he passed the third floor, Plaintiff saw a police officer with his gun out. Plaintiff continued up to the fourth floor and from his doorway called his sister on the telephone for help and guidance, as the sight of police officers with guns out in his building made him particularly anxious, and worried for children in the building, as well.

10. When the police heard Plaintiff on the phone, they ordered him to come down to the third floor, where they handcuffed him and arrested him.

11. Officer Lunetta handcuffed Plaintiff and falsely swore out a Criminal Court Complaint alleging that Plaintiff approached him, attempted to stop him from making an arrest, and refused to back away when told to do so.

12. In fact, there was no probable cause to believe Plaintiff had done any of those things.

13. Officer Lunetta and John Doe 1-3 then participated in bringing Plaintiff down the stairs with excessive force, injuring Plaintiff's ankle in the process.

14. The resulting criminal case against Plaintiff was adjourned in contemplation of dismissal the first time he went before a judge.

15. On the morning of February 17, 2023, there were two knifepoint robberies in the general vicinity of Plaintiff's apartment- one right in front of his building, of a tenant in the building, and one about ten blocks away.

16. Detective Longo retrieved video from one of the robberies, and disseminated a still asking for help identifying the perpetrator.

17. Officer Lunetta saw the inquiries of Detective Longo and advised Detective Longo that the still "reminded him" of Brian Onyango, adding that Plaintiff had a knife on him when Officer Lunetta previously arrested him.

18. Detective Longo pulled Defendant's arrest photo from the previous arrest by Officer Lunetta and created a photo array with it.

19. One victim did not identify anyone in the photo array. The other victim identified Defendant in the photo array.

20. Defendant did not, in fact, commit the robberies that Detective Longo was investigating.

21. Since the photo used in the photo array was from an illegal seizure without probable cause, the photo itself could not, under binding New York State law, be used to establish probable cause to arrest- nor could the Plaintiff's work knife recovered during his previous arrest be used to support probable cause in the robbery cases.

22. Nevertheless, Detective Longo caused Plaintiff to be arrested on the robbery, and Plaintiff was so arrested on March 1, 2023.

23. The Kings County District Attorney declined to prosecute the robberies, and Defendant was released from Central Booking.

24. Upon information and belief, the individual defendants were personally involved in the decision to arrest Plaintiff, and/or personally participated in the apprehension of plaintiff, and/or personally participated in the identification procedure involving Plaintiff's photograph, and/or the decision to recommend charges against him, and/or the processing of his arrest.

25. Defendants lacked probable cause or reasonable suspicion to believe Plaintiff had been involved in any illegal activity.

26. During all of the events above-described, defendants acted maliciously and with intent to injure plaintiff.

**DAMAGES**

27. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure and excessive force;

   b. Physical pain and suffering;

    c.      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    d.      Loss of liberty.

## **FIRST OF ACTION**
42 USC § 1983- False Arrest and False Imprisonment

28. The above paragraphs are here incorporated by reference.

29. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

30. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

31. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time.

32. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## **SECOND CAUSE OF ACTION**
Common Law False Arrest

33. The above paragraphs are here incorporated by reference.

34. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

35. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

36. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of the other Defendants, is responsible for their wrongdoing under the doctrine of

respondeat superior.

37. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

**WHEREFORE**, Plaintiff demands judgments against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   December 8, 2023
         Brooklyn, New York                         Respectfully yours,

TO:  City of New York
     Corporation Counsel Office
     100 Church Street
     New York, NY  10007

     Police Officer Michael R. Lunetta              By: Andrew B. Stoll
                                                    Stoll, Glickman & Bellina, LLP
     Detective Philip Longo                         Attorneys for Plaintiff
                                                    300 Cadman Plz. W. 12th Floor
                                                    Brooklyn, NY  11201
                                                    (718) 852-3710
                                                    astoll@stollglickman.com